I/WE HAVE READ THIS AGREEMENT AND UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS CONTAINED IN IT.

FOR AND IN CONSIDERATION of the sum of THREE HUNDRED TEN THOUSAND DOLLARS ($310,000)[1], the undersigned, MICHAEL J. JONES AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MICHAEL JOSEPH FORDE, their heirs, agents, estates, servants, successors, administrators and assigns (hereinafter "RELEASORS") hereby release, remise, acquit, satisfy and forever discharge BRAEMOOR HEALTH CENTER, LLC, SYNERGY HEALTH CENTERS LLC, HEALTH CENTER MANAGEMENT LLC, 34 N. PEARL STREET LLC, AVI LIPSCHUTZ, LARRY LIPSCHUTZ, DOV NEWMARK, HELENA SILVA, GUIDE ONE NATIONAL INSURACE COMPANY, AND, ALAN GRAY LLC as well as, each of their, reinsurers, estates, heirs, executors, successors in interest, assigns, predecessors, parent companies, subordinates, subsidiaries, entities, business units, affiliates, owners, directors, members, managers, officers, partners, representatives, shareholders, attorneys, independent contractors, subcontractors, employees, insurers, underwriters, agents, subrogates, assigns, companies, leasers, lessees, franchisees, and servants (hereinafter "RELEASED PARTIES") who are or might be liable directly or vicariously in any way from any and all claims, actions, causes of actions, demands, rights, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, liens, med pay, personal injury protection, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, punitive damages, judgments, executions, expenses, compensation, rights, attorney fees, costs, loss of services, expenses, compensation and damages whatsoever, whether common law, statutory or extra contractual, which the undersigned now has or which may hereafter accrue in law or in equity including all known and unknown, foreseen and unforeseen, developed and undeveloped damage and the consequences thereof on account of or in any way growing out of, resulting or to result from the lawsuit styled *MAIREAD JONES AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH MICHAEL FORDE V.* BRAEMOOR HEALTH CENTER, LLC, SYNERGY HEALTH CENTERS LLC, HEALTH CENTER MANAGEMENT LLC, 34 N. PEARL STREET LLC, AVI LIPSHUTZ, DOV NEWMARK, LARRY LIPSCHUTZ, LARRY LIPSCHUTZ,  AND HELENA SILVA, Suffolk Superior Court C.A. NO. 1984CV01140, arising out of  an incident alleged to have occurred during Michael Joseph Forde's, medical and nursing home care in and out of Braemoor Health Center between May 14, 2014, and April 19, 2016, and allegedly resulting in personal injury and death on April 19, 2016, (hereinafter "INCIDENT"), including any and all claims of any nature pursuant to Massachusetts General Laws Chapters 93A and 176D, in any way arising out of the RELEASED PARTIES' insurer's and Alan Gray LLC's management of the RELEASORS' claim arising out of the INCIDENT,  including, but not limited to, any and all allegations as contained in RELEASORS' attorney's letter dated December 22, 2020, and any other letters or emails sent by RELEASORS' attorney at any time asserting such claims. This SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS and all the terms herein are collectively referred to hereinafter as the "AGREEMENT". RELEASORS and RELEASED PARTIES are collectively referred to hereinafter as the "PARTIES".

In further consideration for the payment set forth above, the RELEASORS represent and covenant that the RELEASORS will dismiss any pending actions with prejudice and will refrain from filing or promoting others to file, any other actions, lawsuits, proceedings, claims, charges, or complaints arising in whole or in part out of the INCIDENT, or in any way connected to the INCIDENT with any local, state, or federal agency, self-regulatory organization, administrative, arbitration forum, court or other entity.

The RELEASORS and RELEASED PARTIES have agreed to settle in order to avoid the inconvenience, distractions, and inherent uncertainties associated with any legal proceeding, and the additional legal fees and expenses of continuing this dispute. This AGREEMENT represents a compromise of a doubtful and disputed claim and any liability, wrongdoing, malfeasance, misfeasance or negligence on the part of the RELEASED PARTIES is expressly denied.

The RELEASORS agree to satisfy from the proceeds of this settlement and be solely

---

[1] $300,000 allocated for full and final settlement of the underlying case and $10,000 allocated for full and final settlement of the associated 93A/176D matter.

I/WE HAVE READ THIS AGREEMENT AND UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS CONTAINED IN IT.

responsible for any valid and perfected liens, rights of subrogation, costs and expenses, sustained by or arising from any person, corporation, partnership, state or federal government, governmental agency, hospital, or any other medical provider, health care provider, disability or insurance benefits provider, workers compensation carrier, Medicare, Medicaid or any other entity arising out of the INCIDENT.

MICHAEL JOSEPH FORDE has been identified as a Medicare recipient. Therefore, the PARTIES have fully considered and protected Medicare's interest as a secondary payer in this settlement for any incurred bills paid by Medicare.

The PARTIES also acknowledge that Medicare's interests in reimbursement for any incurred medical expenses that have been paid by Medicare have either already been satisfied and Medicare has acknowledged such satisfaction or will be satisfied from the settlement proceeds payable under this Agreement.

As additional consideration for this AGREEMENT, the PARTIES stipulate that satisfaction of any and all of Medicare's interests shall be the sole and exclusive responsibility of RELEASORS and RELEASORS agree to provide proof of such satisfaction to the PARTIES upon request. The PARTIES acknowledge and understand that RELEASED PARTIES are required to report any payment to a Medicare beneficiary in settlement of a claim under a liability insurance policy or self-insurance to Medicare (CMS). Settlement proceeds payable under this Agreement shall be reported to Medicare (CMS). Additionally, the PARTIES acknowledge that many common medical expenses are not payable or reimbursable under the federal Medicare program. These medical expenses, not covered by Medicare, have been taken into consideration in the settlement of MICHAEL JOSEPH FORDE'S past medical expenses and are included in the total settlement amount.

The RELEASORS agree and acknowledge that no promise, inducement or AGREEMENT, not expressly contained in this AGREEMENT, has been made to them. This AGREEMENT supersedes all previous agreements or understandings, whether written or oral, and contains the entire agreement by and among the RELEASORS and RELEASED PARTIES with respect to the INCIDENT. This AGREEMENT may not be altered, modified, or amended except in writing signed by the RELEASORS and RELEASED PARTIES. The RELEASORS represent and warrant that they have the authority to enter into this AGREEMENT, and they intend to be legally bound by it.

The RELEASORS represent and warrant that no other person or entity has any interest in the claims, demands, obligations, or causes of action referred to in this AGREEMENT; that they have the sole right and exclusive authority to execute this AGREEMENT and to receive the sums specified in it; that MICHAEL J. JONES has been duly appointed as the personal representative of the ESTATE OF MICHAEL JOSEPH FORDE by a court of lawfully authorized jurisdiction to have appointed him; and that there has not been, nor will there be, an assignment or other transfer of any claim, interest right which the RELEASORS may have arising in whole or in part out of the INCIDENT, or in any way connected to the INCIDENT.

In entering into this AGREEMENT, it is understood and agreed that the RELEASORS relied wholly upon the RELEASORS' own judgment, belief and knowledge of the nature, extent and duration of said injuries and damages. No representations or statements made by the RELEASED PARTIES or by any person or persons representing the RELEASED PARTIES or by any physician or surgeon employed or engaged by the RELEASED PARTIES regarding said injuries and damages or regarding any other matters arising in whole or in part out of the INCIDENT, or in any way connected to the INCIDENT have influenced the RELEASORS to any extent whatsoever in entering into this AGREEMENT.

The RELEASORS hereby declare that they have had the benefit of advice from their attorneys, or the opportunity to seek advice of counsel, and the terms of this AGREEMENT have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and

I/WE HAVE READ THIS AGREEMENT AND UNDERSTAND AND AGREE TO THE TERMS AND CONDITIONS CONTAINED IN IT.

final compromise of any and all claims arising in whole or in part, or in any way connected to the INCIDENT.

RELEASORS hereby acknowledge and agree that RELEASORS expressly waive and assume the risk of any and all claims for damages against the RELEASED PARTIES which exist as of this date but of which the RELEASORS do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect RELEASORS' decision to enter into this AGREEMENT. The RELEASORS understand that this claim is being settled as a business decision only and that payment of the sums specified herein are being made as a complete compromise of matters involving disputed issues of law and fact and the RELEASORS thereby assume the risk that the facts or law may be otherwise than RELEASORS believe.

To the extent that any term or provision of the AGREEMENT is deemed void or not in compliance with the applicable law, that term or provision alone will be void, while all other terms or provisions will be enforceable. The RELEASED PARTIES shall have the opportunity to modify any such provision to conform to such law.

RELEASORS and RELEASED PARTIES shall bear their own attorneys' fees and costs incurred in the litigation and through the execution of this AGREEMENT. Should it be necessary to enforce any term of this AGREEMENT, the prevailing party shall be entitled to reasonable attorneys' fees and costs expended to enforce this AGREEMENT.

The undersigned hereby acknowledges full and final settlement and satisfaction of any and all claims, demands, actions and causes of action of whatever kind of character which RELEASORS have or may have against the RELEASED PARTIES by reason of the INCIDENT, including, but not limited to, any claims for bad faith, alleged violations of Massachusetts General Laws Chapters 93A and 176D, or excess judgment. RELEASED PARTIES shall not be stopped or otherwise barred from asserting ~~and expressly reserve the right to assert, any claim or cause of action they may have against the~~ Undersigned or any others.

This AGREEMENT shall be construed and interpreted in accordance with the laws of the COMMONWEALTH OF MASSACHUSETTS. Any suit or proceeding brought hereunder shall have its situs and venue in SUFFOLK COUNTY SUPERIOR COURT (3 Pemberton Square, Boston, MA ~~02108~~).

This AGREEMENT may be executed in counterparts, which, collectively, shall constitute one original. In addition, facsimile signatures on the AGREEMENT are deemed acceptable and a photocopy may be used in place of originals for any purpose.

| BY: _Michael Jones_ | BY: _[signature]_ |
|---|---|
| (print name) | (signature) |

29/10/2023